### THOMAS N. ARNOLD *v.* HENRY DRESSMAN.

**Usury—Deed Held as Mortgage.**

> Where pursuant to a judgment and execution one's real estate is advertised for sale and a third party agrees to buy the property at such sale and hold it for the judgment debtor, and to convey it to him upon the repayment of the amount paid, with interest at ten per cent., such purchaser does not become the owner of such property, but holds a lien upon same, and cannot collect ten per cent. interest on his claim because usurious. He is entitled to recover the sum advanced and six per cent., and to enforce his lien.

#### APPEAL FROM KENTON CHANCERY COURT.

September 29, 1877.

OPINION BY JUDGE ELLIOTT:

In 1858 John A. Goodson obtained a judgment of the Kenton Circuit Court directing a sale of appellee's house and lot, and the same one in dispute is in this suit in satisfaction of a judgment in his favor for about fifteen hundred dollars.

The court commissioner was about to sell appellee's realty when he applied to James G. Arnold for pecuniary assistance. Arnold agreed to loan him the money to pay the Goodson debt, provided he would agree to a sale of the house and lot under Goodson's judgment and let him buy it as a security for his debt, and would also agree to pay him ten per cent. per annum till he repaid the money loaned.

This was done, and Arnold bought the premises and had them

conveyed to him, and then rented the premises to appellee at $12.50 per month, which was ten per cent. on the fifteen hundred dollars which he had loaned to appellee. Appellee continued to reside on the premises and pay the ten per cent. interest up to 1869, when Arnold informed him through his agent that he must have the principal of his debt unless he would buy the land at twenty-five hundred dollars, and thereupon appellant's assignor sold him the house and lot and conveyed it, reserving a lien for the purchase price.

It will be seen that the price fixed for the land by Arnold was twenty-five hundred dollars and that six per cent. on that sum was just the ten per cent. which appellee had agreed to pay him for the loan of the fifteen hundred dollars, and this last, as well as the former arrangement, may have been made with a view of avoiding the usury laws.

Arnold having assigned the note for $2,500 to appellant, he brought this suit. It seems to this court, from the pleading and evidence, that James G. Arnold never was the owner of appellee's house and lot, but that under an arrangement between them he took the title as a security for money loaned, and that the lease and sales made by Arnold were devices to avoid the force of the usury statutes, and that they were so intended by the parties; and as Arnold's assignee comes into a court of conscience asking equity he must do equity, and the equity of this case is a payment to him of the balance of the money loaned to appellee by James G. Arnold, calculating the interest at six per cent. from the time due, and allowing appellee credit for each pament when made, all of which has been done by the chancery court.

Wherefore the judgment is *affirmed*.

*J. G. Carlisle, Fisk & Fisk, for appellant.*

*Stevenson & O'Hara, for appellee.*